IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SADRI SHIR, NAWAD SHIR, and<br>PORTLAND MASJID AND ISLAMIC<br>CENTER<br><br>        Plaintiffs<br><br>      v.<br><br>CITY OF PORTLAND,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:09-CV-370<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER PRESENTING DEFENSES UNDER RULE 12(B)**

NOW COMES the Defendant, City of Portland, through its Corporation Counsel, Gary C. Wood, and Associate Corporation Counsel, Danielle West-Chuhta and answers the Verified Civil Action Complaint and Demand for Jury Trial in the above-captioned case as follows:

1.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the complaint and therefore denies the same.

2.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the complaint and therefore denies the same.

3.   Defendant denies the allegations in paragraph 3 of the complaint.

4.   No response is necessary to the allegations in paragraph 4 of the complaint as the Portland Zoning Ordinance speaks for itself.  To the extent a response is necessary however, the Defendant denies the same.

5. Defendant denies the allegations in paragraph 5 of the complaint. By way of further answer the City states that on August 21, 2008 the Portland Zoning Board of Appeals held that the primary use of the property at 101 Craigie Street, which is in a R-3 zone as opposed to the R-5 zone applicable to this case, was as a home for the Rabbi and his family and that the religious services and practices conducted within his home therefore did not make that facility into a "place of worship" under the City's Zoning Ordinance. The City further answers that the City's Zoning Administrator Margaret Schmuckal informed Sadri Shir about the necessity to apply for permits in order to establish a place of worship use at the property owned by Sadri Shir at 978 Washington Avenue in Portland. The City further answers that Ms. Schmuckal appropriately denied a change of use permit application for 978 Washington Avenue based on the lot size and its parking space requirements for a place of worship in the R-5 zone in Portland.

6. Defendant admits that Sadri Shir (hereinafter referred to as Sadri Shir or "owner") filed an appeal to the Zoning Board of Appeals ("ZBA") for a variance, and that Sadri Shir neither appeared before nor provided testimony to the ZBA on her variance appeal. Defendant further admits that members of the Center, and others, provided testimony to the ZBA both in support of, and opposition to, the variance. However, this answer should not be construed to imply or suggest that the Center had not in fact been using this facility as a place of worship prior to the time of the owner's application, which was incomplete, for a change of use permit (see paragraph 5 of the complaint and the City's answer) or the owner's appeal to the ZBA for a variance because in fact the Center had been using this facility as a place of worship prior to either application. Defendant also admits the ZBA denied owner's appeal for a variance. Defendant denies the remaining allegations contained in paragraph 6 of the complaint.

7. Defendant denies the allegations contained in paragraph 7 of the complaint.

8. Defendant denies the allegations contained in paragraph 8 of the complaint.

9. Paragraph 9 asserts a legal conclusion and therefore requires no response. To the extent any response is required, Defendant denies the same.

10. Paragraph 10 asserts a legal conclusion and therefore requires no response. To the extent any response is required, Defendant denies the same.

11. Paragraph 11 asserts a legal conclusion and therefore requires no response. To the extent any response is required, Defendant denies the same.

12. Paragraph 12 asserts a legal conclusion and therefore requires no response. To the extent any response is required, Defendant denies the same.

13. Defendant admits the allegations contained in paragraph 13 of the complaint.

14. Defendant admits Nawad Shir is an adult resident of Cape Elizabeth but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the complaint and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the complaint and therefore denies the same.

16. Defendant admits the allegations contained in paragraph 16 of the complaint.

17. Defendant admits the Washington Avenue property consists of a lot containing approximately 14,400 square feet (+/- .33 acre), with a two-story building. The Defendant also admits that prior to the initiation of the use of bottom floor of the building as a place of worship the bottom floor of the building had most recently been used as a television repair shop. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the top floor of the building is used for residential purposes. Defendant denies

3

that the lot contains enough space for approximately twenty parking spaces, which determination can only be made based on a site plan application by the owner as required by City Ordinances that have not been challenged in this complaint.  The owner has yet to file a site plan application despite several requests and a comprehensive set of information provided by the City on April 13, 2009 and again on June 12, 2009 and July 10, 2009 and despite the fact that on those same dates the owner and other Plaintiffs were put on notice that in the absence of an approved site plan, the unauthorized paving of the parking lot by the owner and other Plaintiffs was illegal, and the site could not be occupied.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the complaint and therefore denies the same.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the complaint and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the complaint and therefore denies the same.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the complaint and therefore denies the same.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the complaint and therefore denies the same.

23.     Defendant admits the allegations contained in paragraph 23 of the complaint but by way of further answer states to the best of the Defendant's knowledge, information and belief the activities described in paragraph 23 were undertaken and implemented prior to the application for or receipt of permits required by City law for a change of use or a conditional use and prior to

the filing of a complete application for site plan approval and prior to Plaintiff Sadri Shir's filing for a variance before the City's Board of Appeals.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the complaint and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the complaint and therefore denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the complaint and therefore denies the same.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the complaint and therefore denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the complaint and therefore denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the complaint and therefore denies the same.

30. Defendant admits that the property at 978 Washington Avenue is located in an R-5 zone, as defined in the City's Land Use Code, Chapter 14.  No response is necessary with regard to the remaining allegations contained in paragraph 30 of the complaint since the Land Use Code speaks for itself.  To the extent, however, a response is required for the remaining allegations contained in paragraph 30, Defendant denies the same.

31. Defendant denies the allegations contained in paragraph 31 of the complaint.

32. No response is necessary as the Land Use Code, Chapter 14, speaks for itself.  To the extent any response is required however, Defendant denies the same.

33.     No response is necessary as the Land Use Code, Chapter 14, speaks for itself. To the extent any response is required however, Defendant denies the same.

34.     No response is necessary as the Land Use Code, Chapter 14, speaks for itself. To the extent any response is required however, Defendant denies the same.

35.     No response is necessary as the Land Use Code, Chapter 14, speaks for itself. To the extent any response is required however, Defendant denies the same.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the complaint and therefore denies the same.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the complaint and therefore denies the same.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 38 of the complaint and therefore denies the same. Defendant denies the allegations contained in the second sentence of paragraph 38 of the complaint.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the complaint and therefore denies the same.

40.     No response is necessary as the Land Use Code, Chapter 14, speaks for itself. To the extent any response is required however, Defendant denies the same.

41.     Defendant denies the allegations contained in paragraph 41 of the complaint.

42.     Defendant admits the City required a conditional use permit for property located at 101 Craigie Street, Portland Maine which was being advertised for and used as a place of worship. The Defendant further admits that the property at 101 Craigie Street is +/- .33 acres and located

in an R-3 zone where a "church or other place of worship" requires a 2-acre lot and that because of these requirements the property at 101 Craigie Street was not eligible for a conditional use permit in the absence of a variance of the lot size requirement.

43. Defendant admits that in that case, the ZBA issued a decision on August 21, 2008 which, based on the facts found by the ZBA, overturned the city's administrative factual findings and interpretation of the Ordinance.  By way of further answer Defendant states that the Board's written decision speaks for itself.

44. Defendant denies the allegations contained in paragraph 44 of the complaint.

45. Defendant denies the allegations contained in paragraph 45 of the complaint and by way of further answer states that Sadri Shir signed the owner's application for a change of use permit for the property at 978 Washington Avenue on February 2, 2009.

46. Defendant denies the allegations contained in paragraph 46 of the complaint and by way of further answer states that the owner's application identified the intended uses at 978 Washington Avenue to be  "place of worship."

47. Defendant denies the allegations contained in paragraph 47 of the complaint.

48. Defendant denies the allegations contained in paragraph 48 of the complaint.

49. Defendant denies the allegations contained in paragraph 49 of the complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the complaint and therefore denies the same.

51. Defendant denies the allegations contained in paragraph 51 of the complaint.

52. Defendant admits that Sadri Shir did not appeal the decision of the ZBA to the Maine Superior Court. Defendant denies that under Maine law an appeal to the Maine Superior and Supreme Judicial Courts would be fruitless.

53. Defendant denies the owner met with the City for any purpose. By way of further answer, the City did meet with Plaintiffs' attorney and others to discuss the temporary use of 978 Washington Ave pending an analysis of the City's Zoning Ordinance

54. Defendant denies the allegations contained in paragraph 54 of the complaint.

55. Defendant denies the allegations contained in paragraph 55 of the complaint.

56. Defendant denies the allegations contained in paragraph 56 of the complaint.

57. Defendant denies the allegations contained in paragraph 57 of the complaint.

58. Defendant denies the allegations contained in paragraph 58 of the complaint.

59. Defendant denies the allegations contained in paragraph 59 of the complaint.

60. Defendant denies the allegations contained in paragraph 60 of the complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint but by way of further answer admits that Plaintiffs' legal counsel informed Defendants of his legal opinion regarding the applicability of federal and constitutional law to the use of the property at 978 Washington Avenue in June 2009 and July 2009 but denies that allegation in relation to the date of August 2008. The Defendant admits that the officials named in paragraph 61, premised upon the decision of the ZBA, would not permit use of the Washington Avenue property as a place of worship. By way of further answer, Defendant committed to re-analyze its Land Use Code and its regulation of "places of worship" and reminded the owner of the independent need to submit after-the-fact a complete site plan application for work done at the site.

62. Defendant denies the allegations contained in paragraph 62 of the complaint.

63. Defendant denies the allegations contained in paragraph 63 of the complaint.

64. Defendant denies the allegations contained in paragraph 64 of the complaint.

65. Defendant admits that *Ramadan* began on August 21, 2009 and denies the allegation contained in paragraph 65 that the Plaintiffs want to ensure that they and members of their community have a place to gather and pray during this high holiday to the extent that that allegation implies that the only place in the City of Portland that the Plaintiffs could gather and pray during this high holiday was at 978 Washington Avenue.

66. Defendant denies the allegations contained in paragraph 66 of the complaint.

## COUNT I
### (RLUIPA Substantial Burden Claim)

66. (miss-numbered - the complaint contains two paragraph 66's)  Defendant repeats and reasserts its answers to paragraphs 1-66 of the complaint as though fully set-forth herein.

67. No response is necessary since the RLUIPA speaks for itself.  To the extent any response is required, Defendant denies the allegations contained in paragraph 67 of the complaint.

68. No response is necessary since the RLUIPA speaks for itself.  To the extent any response is required, Defendant denies the allegations contained in paragraph 68 of the complaint.

69. Paragraph 69 asserts a legal conclusion and therefore requires no response.  To the extent any response is required, Defendant denies the same; but by way of further answer states that the zoning ordinances within the City's Land Use Code are one segment of city law imposing legitimate control over land use in the City, which also includes the requirement for site plan

application and approval for specific projects including the paving and alteration of the parking lot at 978 Washington Avenue.

70. No response is necessary since the RLUIPA speaks for itself. To the extent any response is required however, Defendant denies the same.

71. Paragraph 71 states a legal conclusion and therefore requires no response. To the extent, however, that any response is required, Defendant denies the same.

72. Defendant denies the allegations contained in paragraph 72 of the complaint.

## COUNT II
### (RLUIPA Equal Terms and Non-Discrimination Claims)

73. Defendant repeats and reasserts its answers to paragraphs 1-72 of the complaint as though fully set-forth herein.

74. No response is necessary since the RLUIPA speaks for itself. To the extent, however, any response is required Defendant denies the same.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the complaint relating to Portland *Masjid* and Islamic Center and therefore denies the same. Defendant denies the allegations contained in paragraph 75 of the complaint relating to Sadri Shir and Nawad Shir.

76. Defendant denies the allegations contained in paragraph 76 of the complaint.

77. Defendant denies the allegations contained in paragraph 77 of the complaint.

## COUNT III
### (42 U.S.C. § 1983 – First Amendment Free Exercise Claim)

78. Defendant repeats and reasserts its answers to paragraphs 1-77 of the complaint as though fully set-forth herein.

79. Paragraph 79 states a conclusion of law and therefore requires no response. To the extent any response is required however, Defendant denies the same.

80. Defendant denies the allegations contained in paragraph 80 of the complaint.

## COUNT IV
### (42 U.S.C. § 1983 – First Amendment Right to Assemble)

81. Defendant repeats and reasserts its answers to paragraphs 1-80 of the complaint as though fully set-forth herein.

82. Defendant denies the allegations contained in paragraph 82 of the complaint.

## COUNT V
### (42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection)

83. Defendant repeats and reasserts its answers to paragraphs 1-82 of the complaint as though fully set-forth herein.

84. Paragraph 84 states a conclusion of law and therefore requires no response. To the extent any response is necessary however, Defendant denies the same.

85. Defendant denies the allegations contained in paragraph 85 of the complaint.

## COUNT VI
### (Maine Constitution, Article I Section 3 – Religious Freedom)

86. Defendant repeats and reasserts its answers to paragraphs 1-85 of the complaint as though fully set-forth herein.

87.     Paragraph 87 states a conclusion of law and therefore requires no response.  To the extent any response is necessary however, Defendant denies the same.

88.     Defendant denies the allegations contained in paragraph 88 of the complaint.

## CONSTITUTIONAL DEFENSES

1.      Sections 2000cc(a) and (b) of the Religious Land Use and Institutionalized Persons Act violate the First Amendment to the Constitution of the United States which states in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

2.      Sections 2000cc(a) and (b) of the Religious Land Use and Institutionalized Persons Act violate Article I, Section 3 and Article III, Section 2 of the Maine Constitution.

3.      The United States Congress lacked authority under Section 5 of the Fourteenth Amendment of the Constitution of the United States to enact the Religious Land Use and Institutionalized Persons Act.

4.      The United States Congress lacked authority under the Commerce Clause (Article I, Section 8, Clause 3) of the Constitution of the United States to enact the Religious Land Use and Institutionalized Persons Act.

## AFFIRMITIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' Complaint is barred by the doctrines of laches, estoppel and waiver.

3.      Plaintiffs' Complaint is barred by the doctrine of unclean hands.

4.      Plaintiffs failed to properly preserve their claims for constitutional violations.

5. Plaintiffs' claims are not ripe for a decision by the federal courts.

6. Nawad Shir and Portland Masjid and Islamic Center lack standing in this case.

7. Defendant's land use laws are in furtherance of a compelling governmental interest and are the least restrictive means furthering that interest.

8. Defendant's land use laws are rationally related to legitimate government interest.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in its favor on all of the above claims and award it costs and attorney's fees and such other relief as the Court deems to be just and equitable.

Dated: October 9, 2009                     Respectfully Submitted:

/s/Gary C. Wood
Gary C. Wood
City of Portland
389 Congress Street
Portland, ME 04101
(p) (207) 874-8480
(f) (207) 874-8497
gary@portlandmaine.gov

/s/Danielle West-Chuhta
Danielle West-Chuhta
City of Portland
389 Congress Street
Portland, ME 04101
(p) (207) 874-8480
dwchuhta@portlandmaine.gov